545 So.2d 479 (1989)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Merrill Jerome EDWARDS and Judith L. Edwards, His Wife, Appellee.
No. 88-03075.
District Court of Appeal of Florida, Second District.
June 21, 1989.
*480 Maxine F. Ferguson and Thomas H. Bateman, III, Tallahassee, for appellant.
Paul A. Lehrman of Rubin, Lehrman & Denker, Hollywood, for appellee.
LEHAN, Acting Chief Judge.
We reverse the final judgment awarding to appellees in this inverse condemnation action damages for loss of access to a highway.
We need not deal with the arguments made in this case as to whether a property owner's loss of access is compensable without a partial physical taking of the property and whether a diminishment in the quality of access, as contrasted with a complete loss of access, may be compensable.
No right of access was lost to appellees in this case through the construction of the highway because appellees had not had any such right of access to lose. The deed to the state from appellees' predecessor in interest had conveyed "all rights of ingress [and] egress ... between the grantors' remaining property and any facility constructed on the above described property." While that deed otherwise referred to a "right of access," it clearly limited any such right to "access from [appellees' predecessor's] remaining property to any service road which may be constructed on the outer fifty feet of the right of way described above." No such service road was shown to have been constructed. Also, it is clearly shown that appellees have access to that outer fifty feet.
Appellees argue that nonetheless the right of access which they contend they lost existed pursuant to the testimony of an expert witness who testified on behalf of the Department of Transportation and who described a right of appellees to access through the use of a "designated access point." We do not agree. We do not so interpret the testimony of that witness. In any event, no such testimony could create a right which did not otherwise exist under the relevant documents. That, as appellees also argue, that expert was qualified as an expert "interpreter of the deed" would not entitle him to create provisions in a deed which did not exist.[1]
Reversed and remanded for entry of judgment in favor of appellant.
PARKER and PATTERSON, JJ., concur.
NOTES
[1] Appellees are not without access to the highway from their property. Apparently in order to have such access they have to drive approximately one mile further than they would have had to drive if they had such access at the "designated access point."