BLUE, Acting Chief Judge.
In this eminent domain proceeding, the appellants, Eugene and Ernest Sayfie, William Schweikhardt, Barbara Ann and William Marshall, and Josephine Hess, challenge the final summary judgment entered in favor of the appellee, the Florida Department of Transportation (DOT), which denies their claims for damages resulting from the widening of former State Road 84, now Interstate 75 (1-75). Because the trial court based its decision on an erroneous conclusion of law, we reverse and remand for further proceedings.
During the mid-1960s, the State Road Department of Florida (SRD), DOT’S predecessor, sought to acquire right of way for the construction of State Road 84, commonly known as “Alligator Alley.” SRD wanted to acquire as much right of way as possible by donations because there was a shortage of money for the project. During negotiations, it became apparent that property owners would not donate right of way unless they were assured that they would retain rights of access to the highway. Accordingly, the plans allowed for the construction of parallel frontage or “service roads” on the north and south sides of the highway from which access to the highway could be attained every two miles. The abutting landowners were entitled to construct these roadways in the outer fifty feet of each side of the right of way when the need arose. To assure that the property owners retained their right of access, SRD included language in most of the deeds donating right of way as follows:
Reserving to the Grantor, his heirs or assigns, the right of access from his remaining property to any service road which may be constructed on the outer 50 feet of the right of way described above.
For the next twenty years, the abutting owners and their assignees had access to State Road 84. Thereafter, DOT began to acquire additional limited access right of way to create 1-75. DOT took a 125-foot-wide strip of land on the south side of State Road 84. Two of the appellants had property condemned for an easement in the south end of their properties and counterclaimed for the loss of access north to State Road 84. The other appellants were not named in any condemnation suit and filed actions for inverse condemnation. At an evidentiary hearing, DOT defended these actions on the basis that State, Department of Transportation v. Edwards, 545 So.2d 479 (Fla. 2d DCA 1989), barred the owners’ claims. In Edwards, this court reversed the trial court’s award of damages to property owners for loss of access to State Road 84 because no right of access to the highway existed under the deed. The trial court found that Edwards controlled and granted final summary judgment in DOT’S favor.
*195 We disagree that Edwards determines the issues in this case. In Edwards, the property owners brought an inverse condemnation action seeking damages for loss of access to State Road 84 itself, not for loss of access to the outer fifty feet of the right of way. The property in Edwards is on the north side of State Road 84 where no additional land was taken to convert State Road 84 into 1-75. The property owners continue to have direct access to the outer fifty feet of the right of way and to any service road which may be constructed thereon.
In this case, the appellants’ property is on the south side of the highway where an additional 125 feet was taken. The appellants have not only lost access to the highway, but also they have lost access to the outer fifty feet by the taking of the additional 125 feet. The appellants’ easements have been fenced off and placed behind a canal. Therefore, the facts of Edwards are distinguishable from this case.
Because the trial court’s decision was based on the erroneous conclusion that access to the fifty-foot right of way was controlled by Edwards, we reverse the summary judgment and remand for further proceedings.
WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.